

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JUL 2 9 2005

J. T. NOBLIN, CLERK

BY_____DEPUTY

ZUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SARAH MURPHY HANCOCK,
SARAH N. RATLIFF, and
SHIELA H. HARTFORD                                         **PLAINTIFFS**


V.                                    CIVIL ACTION NO. 2:03CV101LTS-JMR


NASTECH PHARMACEUTICAL COMPANY, INC.,
BRISTOL MYERS SQUIBB COMPANY,
APOTHECON, INC., CEPHALON, INC.,
MICHAEL O'NEAL, M.D.,
LAWRENCE E. STEWART and JOHN DOES 1-10          **DEFENDANTS**


<u>**MEMORANDUM OPINION**</u>

This action has been resolved by settlement. At the time of the settlement, there was one motion pending, and it is this motion that is now before the Court.

This action for personal injuries was brought against three pharmaceutical companies and two physicians. One of the physicians, Lawrence E. Stewart, M.D., was apparently sued by mistake. There are three plaintiffs who alleged that they were treated by one of the defendant physicians. Plaintiff Sarah Ratliff alleged that she had been treated by Dr. Stewart.

Dr. Stewart never treated Plaintiff Sarah Ratliff, and he never committed any of the acts charged in the complaint. When Dr. Stewart, through counsel, alerted the plaintiffs' counsel to the mistake that had been made, he was not promptly and voluntarily dismissed from the action. Instead, Dr. Stewart was required to file a motion for summary judgment and pursue that motion through a decision on its merits. In doing so, Dr. Stewart incurred $6,093.26 in litigation expenses and attorney's fees. Dr. Stewart has moved the Court to award this sum in reimbursement for these expenses and fees.

Rule 11 of the Federal Rules of Civil Procedure provides that by signing a pleading, in this case the complaint, Plaintiffs and their attorney represented to the Court that the allegations contained in the pleading have been reasonably investigated and are supported by reasonable evidence. Rule 11 contains a "safe harbor" provision that allows a party to correct or withdraw pleadings that are shown to be in error.

In this case, the plaintiffs did not withdraw the erroneous allegations of the complaint when they were afforded the opportunity to do so.  Instead, the plaintiffs persisted in pursuing their cause of action against Dr. Stewart, despite having been informed that he had neither treated Plaintiff Sarah Ratliff nor prescribed the medication for her as alleged in the complaint.  In these circumstances, justice requires that the plaintiffs and their counsel be held jointly responsible for the expenses and attorneys' fees Dr. Stewart incurred in defending this action.

Accordingly, Dr. Stewart's motion for an award of attorneys fees will be **GRANTED**, and I will this day enter an order awarding judgment in the amount of $6,093.26 in favor of Dr. Stewart against Plaintiff Sarah Ratliff and her counsel.

This the 29th day of July, 2005.

s/ L. T. Senter, Jr.
**L. T. Senter, Jr.**
**Senior Judge**